UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLUSHOLA ODUNEYE<br>(Address to be filed under seal)<br><br>                      Plaintiff,<br><br>   v.<br><br>OFFICER CERAY BURNS, in his individual and official capacities,<br><br>JONATHAN M. ROGERS, in his individual and official capacities,<br><br>and<br><br>the DISTRICT OF COLUMBIA,<br><br>                      Defendants. | Case No. 1:25-cv-2475<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND FOR DAMAGES**

1.     Olushola Oduneye, the plaintiff in this case, suffered significant harm and damages because a law enforcement officer — Officer Ceray Burns — seized him without reasonable suspicion and then forcibly took his cell phone and searched it without a warrant. As a direct result of those unconstitutional actions, Officer Burns issued Mr. Oduneye a citation and impounded his vehicle under Washington, D.C. laws and regulations that govern the provision of certain private vehicle for-hire services and the use of digital dispatch services. Mr. Oduneye seeks monetary damages in excess of $1 million, a preliminary and permanent injunction, and declaratory and other relief for these violations of his constitutional rights.

## PARTIES

2.     Plaintiff Olushola Oduneye is a 40-year-old immigrant, originally from Nigeria. He lives in Maryland.

3.     Defendant Ceray Burns is a Department of For-Hire Vehicles ("DFHV") enforcement officer employed by the District of Columbia who, on May 4, 2025, at approximately 4:54 p.m., unlawfully stopped Plaintiff's vehicle on M Street NW in Washington, D.C., demanded and forcibly seized Plaintiff's smartphone, conducted a warrantless search of its contents, issued two citations ($500 for use of an unregistered app and $250 for lack of trade dress), and ordered Plaintiff's vehicle to be towed and impounded. Plaintiff sues Defendant Burns in both his individual and official capacities.

4.     Defendant Jonathan M. Rogers is the Director of the DFHV, and is sued in his individual and official capacities. On information and belief, Plaintiff alleges that Defendant Rogers is responsible for the enforcement policies and customs of DFHV that led to the constitutional violations described herein, and that he created, implemented, or knowingly permitted those practices.

5.     Defendant District of Columbia is the municipal government of the Nation's Capital, is sued in its official capacity as the employer and policymaker for the DFHV, and is the entity responsible for enacting, administering, and enforcing the Department of For-Hire Vehicles Establishment Act (D.C. Code §§ 50-301.01 et seq.) and DFHV regulations (31 DCMR Chapters 7, 19, 20, & 99).  Through its officials and leadership, the District has established, authorized, and continues to maintain an unconstitutional custom, policy, and practice under which DFHV officers stop and seize drivers without reasonable suspicion or probable cause and demand, seize, and search their smartphones without warrants or consent.

## JURISDICTION AND VENUE

6.     This is an action for declaratory and injunctive relief, and for money damages, under 42 U.S.C. §§ 1983 and 1988.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1343(a)(3), 1331, and 1367.

7.     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

### The Empower Application

8. Empower is a software company that develops and sells software (and related support services) accessible through mobile devices to people who wish to work for themselves providing private vehicle for-hire services ("Subscribers").

9. Subscribers are drawn to Empower because they can set their own rates and get 100% of the fares they charge to their customers ("Riders"). Empower does not make any money from Riders who use its software to book rides from Subscribers. Empower's revenue comes entirely from the subscription fees paid by Subscribers.

10. These and other features have made Empower a popular choice for Subscribers and their Riders in the D.C. metro area. Per public filings, Subscribers using Empower's services are currently providing over 130,000 rides per week to Riders in the D.C. metro area, more than 15% of all the rides provided to D.C.-area residents and about twice as many rides as are provided by all taxis in the District.

11. Per public filings, Empower has been seeking to register with the District of Columbia as a digital dispatch service ("DDS") and private sedan business ("PSB"), but the District has not yet granted its registration request. Empower has also sought legislative solutions to protect Subscribers from the behavior of District employees.

### The Relevant Regulatory Scheme

12. On information and belief, the District asserts that: Under D.C. Code §§ 50-301.29a–e, a "private vehicle-for-hire company" or PSB may not provide app-based dispatch services in the District without registering with the DFHV. Any "private vehicle-for-hire operator" or "private sedan operator" who accepts digitally dispatched rides from an unregistered PSB or without displaying the required trade dress (decals or emblems legible at fifty feet in daylight and reflective at night) commits a civil infraction punishable by booting, towing, impoundment, and fines of up to $500 per violation under D.C. Code § 50-331(a) and 31 DCMR § 2000.8.

13. In particular, on information and belief, the District asserts that: Under 31 DCMR

§ 1906.3, any private vehicle-for-hire operator or private sedan operator who provides app-based rides without being enrolled through a DFHV-registered PSB is in violation. That conduct carries a $500 fine (per § 1906.3 and § 2000.8 Schedule 3) and authorizes officers to boot, tow, or impound the vehicle at the operator's expense until the fine is paid or contested. *See* § 1907.1(b). Separately, 31 DCMR § 1904.1(d) requires every logged-in vehicle to display a DFHV-approved trade dress decal. D.C. Code § 50–301.29d. Driving without the proper trade dress while logged into a DDS's app carries a $250 fine and likewise permits immediate impoundment under the Impoundment Act. *See* §§ 1907.1(b), 2000.8 Schedule 3.

14. Further, on information and belief, the District asserts that: In either case—unlicensed operation or missing decal—officers may immobilize the vehicle on the spot and tow it away. Drivers must pay any towing and storage charges and either contest or pay any civil penalties to get their cars back. Civil penalties may be imposed cumulatively for each offense, meaning a driver could face $500 plus $250 fines (plus impound fees).

**D.C.'s Policy or Custom of Unconstitutional Behavior Against Subscribers**

15. The District enforces its prohibition on unlicensed ride-sharing through a policy or custom of systematically violating drivers' Fourth Amendment rights. DFHV officers (who have been provided with limited police powers) have repeatedly employed the same unlawful practices against drivers suspected of using Empower's software pursuant to a custom or policy of the District.

16. Officers initiate traffic stops without reasonable suspicion or probable cause—simply pulling over vehicles at random, usually without cause at all or on the basis of conduct that cannot constitutionally form the basis for reasonable suspicion. Once stopped, an officer asks the driver what mobile app they are using, or simply asserts that the person is using Empower. Regardless of the driver's answer, the officer then demands to inspect the driver's smartphone to "prove" use of Empower's software.

17. If the driver declines to hand over the phone or insists on a warrant, officers threaten immediate arrest or physically attempt to seize the device, often reaching into the vehicle and

seizing the device forcibly without consent. With the phone in hand, the officer conducts a warrantless search—scrolling through apps, sometimes including email and social media applications and, if the officer locates the Empower application, photographing the screen to document its presence and sometimes the details of its ride history. In many cases, an officer has ticketed a driver and impounded their vehicle even though the driver was not using the software at the time and in some cases had not done so in months, years, or ever.

18. After this unauthorized search, the officer returns the phone but promptly impounds the driver's vehicle for operating without the required decal. Drivers are left stranded, scared, and humiliated. They often go days without their vehicle, forced to arrange alternate transportation and pay towing and storage fees. In order to retrieve the location of the impound lot holding their car, they must first go to DFHV's offices, which are only open during business hours Monday – Friday. This same sequence of illegal stops, searches, and impoundments has befallen numerous Subscribers (and non-Subscribers) over the course of several years, constituting a well-settled, unconstitutional enforcement regime rather than isolated incidents.

## The Unconstitutional Seizure, Search, and Citation of Plaintiff

19. On the afternoon of May 4, 2025, Mr. Oduneye—a 40-year-old immigrant from Nigeria who has driven using Empower's software since 2021 to support his wife and infant son—dropped off four passengers on M Street NW in Washington, D.C., having picked them up near his home in Maryland. It was raining. The street was busy with cars and foot traffic due to a party at the nearby venue.

20. A single uniformed officer—later identified as Officer Burns—approached the driver's-side window on foot as Mr. Oduneye completed the drop-off.

21. Officer Burns observed the departing passengers, then asked, "You do Empower?" When Mr. Oduneye truthfully answered yes, Officer Burns reached into the vehicle and seized Mr. Oduneye's phone without warning, consent, or legal justification.

22. Officer Burns ordered Mr. Oduneye to wait while Officer Burns walked away with the unlocked phone. Mr. Oduneye was not free to leave and did not feel safe doing so.

23. Without a warrant, Officer Burns conducted a search of the smartphone, located and opened the Empower app, and took photographs of the screen.

24. Following this warrantless search, Officer Burns issued two civil infractions under Title 31: (1) "Using app while business is unregistered" ($500); and (2) "Improper display of trade dress" ($250).

25. Officer Burns then ordered that Mr. Oduneye's vehicle be towed and impounded, leaving him stranded in the rain without transportation. He was forced to walk and secure alternative transit home and later paid to recover his vehicle.

25. As a direct result of these actions, Mr. Oduneye lost income, incurred repair and towing costs, and suffered emotional distress, humiliation, and a lasting fear whenever he drives in Washington, D.C.

## COUNTS

### COUNT I

**UNCONSTITUTIONAL SEIZURE WITHOUT REASONABLE SUSPICION UNDER THE FOURTH AMENDMENT**
(Officer Burns *in his individual capacity*, Mr. Rogers *in his individual capacity*)

26. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

27. Under the Fourth Amendment, any "seizure" of the person must be supported by at least reasonable suspicion. A traffic stop is a seizure, and a seizure is unreasonable if the officer lacks specific, articulable facts to suspect unlawful activity.

28. Here, Officer Burns approached Mr. Oduneye's vehicle, seized his phone, and ordered him to wait, all without any reasonable suspicion or probable cause. Those actions constitute an unreasonable seizure in violation of the Fourth Amendment. As a direct and proximate result, Mr. Oduneye suffered loss of property and liberty, humiliation, anxiety, and other damages.

29. On information and belief, Defendant Rogers, in his individual capacity, is liable under 42 U.S.C. § 1983 because he created, implemented, or knowingly permitted a policy or custom under which DFHV officers—including Officer Burns—stop and seize drivers without

reasonable suspicion. He acted with deliberate indifference to the foreseeable risk that such a policy would lead to unconstitutional seizures. That policy was the moving force behind the seizure of Mr. Oduneye and the resulting harm.

## COUNT II

**UNCONSTITUTIONAL WARRANTLESS CELL PHONE SEARCH UNDER THE FOURTH AMENDMENT**
(Officer Burns *in his individual capacity*, Mr. Rogers *in his individual capacity*)

30. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

31. The Fourth Amendment protects against unreasonable searches of personal effects, including digital data on a cell phone, which require a warrant absent a recognized exception. Officer Burns seized Mr. Oduneye's phone, scrolled through applications and personal data, and took photos of it—all without a warrant, exigent circumstances, or valid consent. That warrantless search violated Mr. Oduneye's reasonable expectation of privacy and the Fourth Amendment. As a direct and proximate result, Mr. Oduneye suffered lost property, emotional distress, fear for his safety, and other damages.

32. On information and belief, Defendant Rogers, in his individual capacity, is liable under 42 U.S.C. § 1983 for creating and maintaining a policy or custom that led to the violation of Plaintiff's Fourth Amendment rights, and for acting with deliberate indifference to the constitutional harms caused by that policy.

## COUNT III

**UNCONSTITUTIONAL POLICY OF SEIZING DRIVERS WITHOUT REASONABLE SUSPICION UNDER THE FOURTH AMENDMENT**
(Officer Burns *in his official capacity*, Mr. Rogers *in his individual and official capacities*, and Defendant District of Columbia)

33. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

34. Under 42 U.S.C. § 1983, a public official in his official capacity may be held liable for a "policy or custom" that causes constitutional violations. Officer Burns, in his official capacity, has implemented and enforced a policy or custom of stopping and seizing drivers suspected of using the unlicensed Empower app without any individualized, articulable suspicion

of wrongdoing. On information and belief, that practice—established by Defendant Rogers, enforced by Officer Burns, and endorsed and carried out under color of District law—has resulted in repeated, unconstitutional seizures of Subscribers and others, including Mr. Oduneye, in violation of the Fourth Amendment. As a direct and proximate result, Mr. Oduneye and many others have suffered loss of liberty, financial harm, emotional distress, and other damages.

## COUNT IV

**UNCONSTITUTIONAL POLICY OF WARRANTLESS CELL PHONE SEARCHES UNDER THE FOURTH AMENDMENT**
(Officer Burns *in his official capacity*, Mr. Rogers *in his individual and official capacities*, and Defendant District of Columbia)

35. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

36. Officer Burns, in his official capacity, has carried out a custom or policy of demanding, seizing, and searching drivers' smartphones—without warrants, consent, or exigent circumstances—whenever he suspects the possibility that an individual may have the Empower mobile application on their phone, even if it is not or has never been used. This policy or custom of warrantless digital searches violates the Fourth Amendment rights of Mr. Oduneye and many others. As a direct and proximate result, Mr. Oduneye and many other people have suffered loss of liberty, financial harm, emotional distress, and other damages.

37. On information and belief, Defendant Rogers created, implemented, or knowingly permitted a policy or custom under which DFHV officers—including Officer Burns—demand, seize, and search drivers' smartphones without a warrant, consent, or exigent circumstances. This policy targeted individuals suspected of using the Empower application and authorized unconstitutional digital searches regardless of whether the app was in use. Defendant Rogers acted with deliberate indifference to the foreseeable risk that such a policy would result in violations of the Fourth Amendment. As a direct and proximate result of this policy, including its enforcement by Officer Burns, Plaintiff and others have suffered unconstitutional invasions of privacy, emotional distress, and other damages.

## JURY DEMAND

38. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully requests:

a. Damages compensating Plaintiff for his injuries against all Defendants jointly and severally;

b. Punitive damages against Officer Burns and Mr. Rogers;

c. Prejudgment interest;

d. Reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

e. An order preliminarily and permanently enjoining Defendants, their agents, and all persons acting in concert or participation with Defendants from unconstitutionally seizing individuals in or around motor vehicles without reasonable suspicion or probable cause and unconstitutionally seizing and searching cell phones without warrants;

f. An order declaring unconstitutional under the Fourth Amendment the District of Columbia's policy of seizing individuals in or around motor vehicles without reasonable suspicion or probable cause and seizing and searching the cell phone(s) of any person without a warrant;

g. Issuing any and all other such relief as the Court deems just and proper.

- 10 -

Dated: July 30, 2025                                    Respectfully submitted,


                                              By:    */s/* Andrew Tutt
                                                     Andrew Tutt (DC Bar # 1026916)
                                                     ARNOLD & PORTER KAYE SCHOLER LLP
                                                     601 Massachusetts Avenue, NW
                                                     Washington, DC 20001
                                                     (202) 942-5000
                                                     andrew.tutt@arnoldporter.com

                                                     *Attorney for Plaintiff Olushola Oduneye*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  This document will be served as indicated on the process server's return.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 30, 2025.

                                                                              */s/* Andrew Tutt
                                                                              Andrew Tutt
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
andrew.tutt@arnoldporter.com

*Attorney for Plaintiff Olushola Oduneye*